IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JAMES CAVANAGH,**

    Petitioner,

vs.                            **CASE NO. 1:04CV374-MMP/AK**

**BUREAU OF PRISONS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause was initiated pursuant to this Court's order in *Guanipa v. Holder*, Cause No. 5:04CV150-SPM/AK (N.D. Fla.), directing the Clerk to "open a new *pro se* § 2241 habeas case for each of the inmates who has filed a motion to join with the respective motion to join being the initiating pleading and with the division of filing being determined by the place of incarceration noted in each motion to join." Doc. 2. Because instant Petitioner is not incarcerated in this district, his petition was filed in the Gainesville Division for processing.

Because Petitioner is detained at FCC Coleman in Coleman, Florida, the ultimate decision regarding the merits of this petition cannot be made by this Court, as § 2241

petitions may be brought only in the district court for the district in which the inmate is incarcerated. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Doc. 1, be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IN CHAMBERS** at Gainesville, Florida, this 15th Day of November, 2004.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv374-mmp/ak**